In the Matter of the Application of COLERIDGE A. HART, Appellant, for an Order Requiring the STATE BOARD OF CANVASSERS, Respondents, to Act or Show Cause.

1. POWERS OF STATE BOARD OF CANVASSERS. The duties of the state board of canvassers are purely ministerial and not judicial — they have no power to determine what was done in a previous year, to review and reverse the work of their predecessors, or to decide that there are vacancies in office.

2. REFUSAL OF MANDAMUS TO STATE BOARD OF CANVASSERS, WHEN RELATOR SEEKS DETERMINATION OF TITLE TO OFFICE. When a state-

ment, transmitted to the state board of canvassers, by a board of county canvassers, shows that votes have been cast to fill an office not included in a notice of the secretary of state, previously duly issued in accordance with law that certain offices are to be filled at the annual election immediately following, while it is their duty to make and file a statement of the facts, they have no power to declare that a vacancy existed in the office, and that the person so voted for was elected; and a mandamus to compel them to grant him a certificate of election thereto is properly denied.

3. Remedy of Relator. In such a case, where it appears that the office is in the possession of another claiming title thereto, the remedy of the relator is by an action in the nature of quo warranto, brought by the attorney-general against the person who, it is claimed, unlawfully holds the office.

(Submitted October 2, 1899; decided January 9, 1900.)

Motion for reargument of case reported at page 278 of volume 159 New York Reports.

*David B. Hill* and *Francis C. Cantine* for motion.

*G. E. P. Howard,* opposed.

Parker, Ch. J. In the opinion written by me in this case error was involved in the position taken that whatever grounds the Appellate Division may have relied upon to affirm the order of the Special Term, it could not deprive such order of any other support it might have. That result was in fact accomplished by such a modification of the Special Term order as to make it declare that the writ was not denied in the exercise of discretion. But while the discussion was faulty for that reason, a correct result was, nevertheless, reached.

The situation described in the opinion we said justified the Special Term in the exercise of its discretion in denying mandamus. That was as far as it seemed necessary to go to affirm the order, and, governed by the judicial habit, we stopped there.

But the facts commanded a holding a step in advance of that made to support, if needs be, the order of the Appellate Division, viz., that the court had not the power to grant the relief asked. The board of canvassers have no right of their

own motion to grant the certificate that the court is asked
to compel them to make. And what they have no right to
do, the court cannot compel them to do.

They had no right to make a certificate, as their duty was
ministerial, not judicial, and the facts before them were not
such as to warrant a certificate that Coleridge A. Hart had
been elected a justice of the Supreme Court to fill the vacancy
occasioned by the death of Calvin E. Pratt, deceased. Had the
board of state canvassers possessed judicial functions sufficiently
broad to enable them not only to determine what was done in
the year 1897, but also to review and reverse the work of their
predecessors in the year 1896, and to decide that the vacancy
occasioned by the death of Calvin E. Pratt was not filled in
1896 and still existed in 1897, then the board of state can-
vassers would have had the power to make the certificate
which Coleridge A. Hart asks from them. But that they have
no such power has been repeatedly held in this court. Their
duties are purely ministerial, for, as this court said in *Matter
of Derby* (129 N. Y. 465), " upon them devolves by statute
the obligation to fulfill precise functions." They must deter-
mine the number of votes cast, and for what persons and offi-
cers, as appear upon the statements before them. If it appear
from the notice of the secretary of state, previously duly
issued in accordance with law, that a certain office is to be
filled at the annual election immediately following, and from
the statements of the county boards of canvassers that votes
have been cast for one or more persons for such office, then
the board of state canvassers must certify that the person
receiving the greatest number of votes, as appears from the
statement before them, was elected to fill such office. The
performance of such a duty is clearly ministerial. The board
of state canvassers do not decide whether there are vacancies
in office. That duty is placed elsewhere by statute, and if the
official charged with its performance neglects it, or does it
wrongly, he may be set in motion or his improper action cor-
rected, but the state board of canvassers have nothing to do
with the matter one way or another. They cannot review his

official action and correct it, if in error, neither can they disregard it. It constitutes their guide as to the office to be filled at the annual election, and there remains nothing · for them to do except to make the necessary computations from the statements returned to them by the county boards of canvassers, to declare the result and issue a certificate accordingly. If the statements transmitted to them by the boards of county canvassers show that votes have been cast to fill offices not included in the notice of the secretary of state, it is the duty of the state board of canvassers to make and file a statement of the facts, but they cannot declare that the persons so voted for were elected to such offices, because the guide provided by statute does not advise them of such a vacancy. If it were otherwise, then every incumbent of a public office could be subjected to the annoyance of having such board of canvassers declare that some man who had been successful in getting a few votes for himself had been elected to the same office.

If there be merit in the claim of the relator, that under the Constitution the vacancy occasioned by the death of Calvin E. Pratt could not be filled in the year 1896, and, hence, that the People had the right to fill it in the year 1897, then the courts have the power, when properly moved, to investigate that contention and decide it, and if the relator is entitled to the office to award it to him. But the state board of canvassers have not that power; they have no right to review the certificate and declaration made by them on that subject in the year 1896 ; no power to inquire whether the certificate that William W. Goodrich was elected to the office of justice of the Supreme Court to fill the vacancy occasioned by the death of Calvin E. Pratt, deceased, was legally true or not; no authority to hold that it was not true, and to issue a declaration that some one else was elected to the same office in the year 1897, for the reasons, among others, as we have already observed, that the notice of the secretary of state did not show that such an office was to be filled in the year 1897, while the public records to which they had access showed that the office had been filled in the year 1896. And, as we have already

said, what the state board of canvassers had not the power to do, the courts cannot compel them to do. They have made a statement showing the number of votes that the relator received, and that such ballots bore upon them the statement that they were cast for " justice of the Supreme Court to fill the vacancy in place of Calvin E. Pratt, deceased." More the state board of canvassers could not do in the absence of a notice by the secretary of state that such office was to be filled at that election, and for want of power to determine judicially whether or not the declaration made by them in the year 1896 was true or false. In such a situation the remedy of the relator is by an action in the nature of quo warranto, brought by the attorney-general against the person who, it is claimed, unlawfully holds the office to which Hart makes claim, to determine the title. (*People ex rel. Wren* v. *Goetting,* 133 N. Y. 569; *People ex rel. Lewis* v. *Brush,* 146 N. Y. 60.)

The motion for reargument should be denied, without costs.

All concur.

Motion denied.