In the Matter of the Application of ECONOMY HOLDING CORPORATION, Respondent, for a Mandamus Order against CHARLES W. BERRY, as Comptroller of the City of New York, Appellant.

First Department, January 15, 1932.

*Charles Bisberg* of counsel [*Joel J. Squier* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellant.

*Isidor Enselman* of counsel [*Jay A. Gilman* with him on the brief; attorney], for the respondent.

MERRELL, J. The petitioner, Economy Holding Corporation, was the assignee of one Samuel Levine, one of its officers, who, on July 17, 1929, attended the auction sale conducted by the city of New York of a parcel of real property located at the southeast corner of Rivington and Allen streets in the borough of Manhattan, New York city, and who bid in said parcel for the price of $46,500. The parcel in question was not actually required for the physical improvement of Allen street, in which scheme of improvement various parcels of real estate had been acquired by the city. In connection with such auction sale the city of New York issued and published a catalogue, which, among other things, provided, as to various parcels conveyed, including the parcel bid off by Levine, that the property to be sold at public auction would be conveyed by the city of New York free and clear of all taxes and assessments, and that each parcel of property would be conveyed by a full covenant and warranty deed in accordance with the schedules set forth in the resolutions of the commissioners of the sinking fund and contained in the catalogue and subject to any leases, easements, incumbrances or restrictions specified in the description thereof or announced by the auctioneer on the day of sale, as well as subject to existing tenancies or any state of facts that an accurate survey would show, etc. It was expressly provided in such terms of sale that " The liability of The City of New York upon such covenant and warranty to be limited, however, to the return of the purchase price with interest at six per cent and the payment of costs and a reasonable counsel fee to be fixed by the Court and taxed in the action or proceeding wherein the City's liability is determined." The date for the closing of title to the parcel here involved was set for August 17, 1929. Because of the fact that there were mortgages affecting the property which were not satisfied until about the middle of October, 1929, the purchaser did not take title until October twenty-second of that year, when the Economy Holding Corporation, as assignee of Levine, paid the amount fixed by the terms of sale and in accordance therewith gave a mortgage for seventy-five per cent of the purchase price. The closing of title and all adjustments were made as of August 17, 1929. Prior to the closing of title the attorney for the Economy Holding Corporation communicated with the office of the comptroller advising him that various liens and incumbrances against the property which

had been bid in from the city of New York should be disposed of before the closing of title; and among such liens was an assessment for benefit amounting to $4,588.92, which appeared in the tentative decree in said proceeding to acquire title to Allen street. On the day when title to the said premises passed from the city to the purchaser, August 17, 1929, said assessment for benefit against said parcel was not a lien. Said assessment was entered for collection on August 26, 1929, and became a lien ten days thereafter, to wit, on September 5, 1929, pursuant to the provisions of section 159 of the Greater New York Charter. It, therefore, appears that under the terms of sale aforesaid the property to be sold by the city of New York free and clear of all taxes and assessments was, in fact, complied with, as, on the day of closing of title, the premises were free and clear of all taxes and assessments. By the order appealed from the comptroller is directed to strike from the assessment lists entered in the office of the city collector of the borough of Manhattan, the said assessment of $4,588.92 levied against said parcel of real property, or that the comptroller show cause why said order should not be obeyed.

We are of the opinion that the court at Special Term was without authority to grant a mandamus order against the comptroller requiring the comptroller to strike said assessment from the lists. Said assessment for benefit was levied in a proceeding duly instituted for the acquiring of title of real property for the widening of Allen street from Schiff parkway (Delancey street) to East Houston street and First avenue from East Houston street to First street, in the borough of Manhattan, New York city. In that proceeding the final decree was dated July 30, 1929, and was duly entered on August 2, 1929, when it became a final judgment of the Supreme Court and conclusive upon all questions subject to litigation in the proceeding. In our opinion said final decree may not be attacked collaterally, as the petitioner is attempting in the proceeding at bar. Section 995 of the Greater New York Charter (added by Laws of 1915, chap. 606, and amd. by Laws of 1917, chap. 259) provides as follows: " * * * An appeal from the final decree of the court must be taken within thirty days after notice of the filing of said final degree. * * * But the taking of an appeal by any person or persons shall not operate to stay the proceedings under this act, except as to the particular parcel of real property with which the appeal is concerned; *and the final decree of the court confirming the report or reports, as the case may be, shall be deemed to be final and conclusive upon all parties and persons affected thereby, who have not appealed.* * * *." (Italics are the writer's.) Section 1003 of the charter (added by Laws of 1915, chap. 606, and amd.

by Laws of 1925, chap. 635) contains the following provision: " A final decree, unless set aside or reversed on appeal, shall be final and conclusive as well upon The City of New York as upon the owners of the real property mentioned therein, and also upon all other persons whomsoever." The Court of Appeals long since held that an award of the commissioners of estimate and assessment, when confirmed by the Supreme Court, thereby became final and conclusive, both upon the city and the owners of the land taken, and that unless any mistakes, either of law or fact, were corrected in the proceeding itself, and before confirmation, all parties interested were precluded from complaining. (*Matter of Department of Parks*, 73 N. Y. 560.) The Court of Appeals in that case held: " The award after confirmation becomes in the nature of a judgment which cannot be assailed collaterally. It is as final and conclusive upon all parties as a judgment." In *Mayer* v. *Mayor, etc., of City of New York* (101 N. Y. 284) the Court of Appeals reiterated the same doctrine. In the opinion in the last-mentioned case it is stated (at p. 288): " In street opening cases the confirmation is by the court; and after a hearing of all parties interested, or an opportunity to be heard, it becomes in effect a judgment of the court, which cannot be attacked in a collateral action except for reasons not alleged in this action. Errors and irregularities in street opening cases must be corrected and reviewed in the proceedings themselves, and cannot be reached by a collateral action in equity." In *Matter of Burr* v. *Voorhis* (229 N. Y. 382) Judge COLLIN stated (at p. 387): " It is established law that it is not the office of a writ of mandamus either to confer powers or to impose duties. The writ issues to compel the performance of official duty clearly imposed by law, where there is no other adequate specific remedy. The duty must be positive, *not discretionary*, and the *right to its performance must be so clear as not to admit of reasonable doubt or controversy. It is not enough that the act, performance of which is sought, is not prohibited; its performance must be directed.*" (Italics are the writer's.) While it is true that under sections 958 (as amd. by Laws of 1922, chap. 475), 959 and 960 of the Greater New York Charter, the comptroller has certain limited powers to vacate and levy assessments for local improvements, said sections, however, do not confer upon him any authority to modify assessments which have been confirmed and ratified by a court of record.

The law is well settled that an officer cannot be compelled by mandamus to perform an act beyond his power. Chief Judge CHURCH, writing for the Court of Appeals in *People ex rel. Hammond* v. *Leonard* (74 N. Y. 443), stated (at p. 445): " While a mandamus is an appropriate remedy to enforce the performance of a

ministerial duty, it is well settled that it will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion. [*United States* v. *Guthrie*, 17 How. [U. S.] 284; *Bd. of Liquidation* v. *McComb*, 2 Otto, 541; *Pattison* v. *Richards*, 22 Barb. 144; ■ *People ex rel. Demarest* v. *Fairchild*, 67 N. Y. 334.] " Judge RAPALLO, writing for the Court of Appeals in *People ex rel. Francis* v. *Common Council* (78 N. Y. 33, 39), said: " The office of the writ of mandamus is in general to compel the performance of mere ministerial acts prescribed by law. It may also be addressed to subordinate judicial tribunals, to compel them to exercise their functions, but never to require them to decide in a particular manner. It is not, like a writ of error or appeal, a remedy for erroneous decisions. (*Judges of Oneida Common Pleas* v. *People*, 18 Wend. 92–99, and cases cited.) This principle applies to every case where the duty, performance of which is sought to be compelled, is in its nature judicial, or involves the exercise of judicial power or discretion, irrespective of the general character of the officer or body to which the writ is addressed. A subordinate body can be directed to act, but not how to act, in a matter as to which it has the right to exercise its judgment. The character of the duty, and not that of the body or officer, determines how far performance of the duty may be enforced by mandamus. Where a subordinate body is vested with power to determine a question of fact, the duty is judicial, and though it can be compelled by mandamus to determine the fact, it cannot be directed to decide in a particular way, however clearly it be made to appear what the decision ought to be. This principle was applied to an assessor in *Howland* v. *Eldredge* (43 N. Y. 457, 461), and is there recognized as an established and universal rule." Furthermore, mandamus will not issue, except to enforce performance of an act or duty which the petitioner has a legal right to have done. It should not be granted where it would be unavailing or ineffectual from want of power, or when the claimant's rights are in doubt. (*People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26.)

We know of no authority in the comptroller to vacate an assessment for benefit duly made by the Supreme Court. Furthermore, the petitioner has an adequate remedy at law to determine its rights under the contract of sale, wherein, as above stated, it is provided that the liability of the city of New York upon its covenant and warranty is limited to the return of the purchase price with interest at six per cent and the payment of costs and a reasonable counsel fee to be fixed by the court and taxed in the action or proceeding wherein . the city's liability is determined. Where the

petitioner is afforded another remedy, mandamus will not lie. (*People ex rel. Harway Improvement Co.* v. *Berry,* 139 Misc. 614; *People ex rel. Millard* v. *Chapin,* 104 N. Y. 96.)

We are, therefore, of the opinion that the court improperly granted the mandamus order appealed from, and that the same should be reversed, with ten dollars costs and disbursements, and the motion denied, with fifty dollars costs.

FINCH, P. J., McAVOY, MARTIN and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with fifty dollars costs.