In the Matter of the Application of ISRAEL KONOPNY, Petitioner, for Payment of Award Made for Parcel No. 31 on the Damage Map and in the Final Decree of the Supreme Court as to Damage and Benefit, in the Proceeding Entitled In the Matter of Acquiring Title by the City of New York to Certain Lands and Premises Bounded by the Easterly Side of Center Street, the Southerly Side of White Street, the Westerly Side of Baxter Street, and the Northerly Side of Leonard Street, in the Borough of Manhattan, City of New York, Selected by the President of Manhattan as a Site for a Courthouse and Jail and Approved by the Board of Estimate and Apportionment According to Law.

Supreme Court, Special Term, New York County, August 22, 1939.

*Leonard A. Carlin,* for the petitioner.

*Patterson, Eagle, Greenough & Day* [*William B. Denton* of counsel], for the John Simmons Company and the Simmons Realty & Construction Company, opposed.

McLaughlin, J. This is a motion by a chattel mortgagee to have payment made directly to him on the claim that his mortgage covered the trade fixtures owned by a tenant, Nelson Bros. Metal Ornaments, Inc. The motion is opposed on two grounds: (1) That the failure to refile within a year of July 7, 1938, rendered the chattel mortgage inoperative and extinguished its lien; (2) that it does not appear that the mortgage covered the items for which the court made an award.

On July 16, 1937, the city of New York took title in this proceeding. On the theory that the trade fixtures, as between the condemnor and the tenant owner, became realty, an award has been made for them. (*Matter of City of New York* [*Allen St.*], 256 N. Y. 236.) It cannot be disputed that on the date the city took title as between the owner of the fixtures and the chattel mortgage owner there was a lien upon them by reason of the timely refiling of the mortgage on July 9, 1937. The mortgage was also refiled on July 8, 1938. No refiling was made within a year of this last date, but on July 18, 1939, the mortgage was refiled. It is now claimed that the failure to again refile by July 7, 1939, destroyed the mortgage as a lien and that the mortgagee cannot now be paid the award.

The theory of the law is that the fund to be paid is subject to only the liens which attached at the time the city of New York took title. The taking of title by the city extinguished all liens. It is so declared by statute. (Greater New York Charter, § 979; now N. Y. City Administrative Code, § B15–37.0.)

It will thus appear that any lien against the property covered by the chattel mortgage was extinguished. It would be violating the plain direction of the statute to hold that after July 16, 1937, there was any lien on the fixtures which could be continued by the refiling of the chattel mortgage. The ruling of the court is that there was no necessity to refile after July 16, 1937, and that a chattel mortgage valid on that date was a lien upon any award for property that it covered.

It would also appear that the final decree is determinative of the validity of the chattel mortgage as a lien upon the award. Whatever right the tenant, Nelson Bros. Metal Ornaments, Inc.,

had to this award is subject to the chattel mortgage of the moving party. That finding is contained in the final decree which is a final judgment to the effect that this chattel mortgage is a lien upon the award and is, therefore, binding under the facts of this case upon those who oppose the granting of this motion. It may not be changed except for fraud or mistake, and none is shown. (*Matter of Economy Holding Corp.* v. *Berry*, 234 App. Div. 214.)

It has been consistently held that where the property which is mortgaged has been condemned, the award supersedes the land. He who is the owner and holder of a mortgage lien at the time the city took title becomes entitled to the award up to the amount remaining unpaid and the award should be made directly to him. (*Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26, followed in *Matter of City of New York* [*E. 29th St.*], 273 id. 66; *Matter of Braico*, 235 App. Div. 132; affd., 260 N. Y. 625; *Matter of Graef*, 169 Misc. 869.) It follows, therefore, that as the moving party has been adjudicated by the final decree to have a valid lien that question may not again be litigated and the award should be paid directly to the mortgagee who had a valid lien at the time the city of New York took title.

Motion is granted. Settle order.