In the Matter of Celia Wong, Appellant, against Maurice Finkelstein et al., Individually and Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Argued April 4, 1949; decided May 19, 1949.

*Milo O. Bennett* for appellant. I. The facts sustain the movant's claim that exercise of legislative power on private rights, in the matter of rent and eviction controls, has imposed the involuntary servitude proscribed by the Thirteenth Amendment of the Constitution of the United States. (*People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429; *Plessy* v. *Ferguson,* 163 U. S. 537; *Clyatt* v. *United States,* 197 U. S. 207.) II. By omission of a clause to relieve property owners from compulsory renting, the local law and regulations are rendered violative of the Fifth Amendment of the Constitution in that appellant's property is taken for public use without just compensation; and of the Fourteenth Amendment, in that she is deprived of her property without due process of law. (*Escanaba Co.* v. *Chicago,* 107 U. S. 678; *Mondou* v. *New York, N. H. & H. R. R. Co.,* 223 U. S. 1; *Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419; *Munn* v. *Illinois,* 94 U. S. 113; *Budd* v. *New York,* 143 U. S. 517; *Taylor* v. *Bowles,* 145 F. 2d 833; *Yakus* v. *United States,* 321 U. S. 414.) III. Under the supremacy clause of the Constitution, Local Law 66, being in irreconcilable conflict with the Housing and Rent Act of 1948, is void. It does not supplement the Federal prescription; rather, it infringes upon it. (*Quaker Oats Co.* v. *City of New York,* 295 N. Y. 527; *Hill* v. *Florida ex rel. Watson,* 325 U. S. 538; *Southern Pacific Co.* v. *Arizona ex rel. Sullivan,* 325 U. S. 761; *Rice* v. *Santa Fe Elevator Corp.,* 331 U. S. 218; *Dickson* v. *Uhlmann Grain Co.,* 288 U. S. 188; *First Iowa Hydro-Elec. Coop.* v. *Federal Power Comm.,* 328 U. S. 152; *Hamilton* v. *Kentucky Distilleries Co.,* 251 U. S. 146; *Home Bldg. & Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *Bowles* v. *Willingham,* 321 U. S. 503; *Matter of Molnar* v. *Curtin,* 273 App. Div. 322, 297 N. Y. 967.)

*Alfred Weinstein, Nathan W. Math, Joseph Jay* and *Stanley Buchsbaum* for respondents. I. Since the proceeding was in the nature of mandamus, it was properly dismissed because the respondents did not have the power to do what was demanded of them. (*Matter of Economy Holding Corp.,* 234 App. Div.

214; *Matter of Hart,* 161 N. Y. 507; *People ex rel. Pardee* v. *Coggey,* 132 App. Div. 268; *Matter of Pardee* v. *Finkelstein,* 193 Misc. 269, 275 App. Div. 659.) II. There is no conflict between the Federal statute and the local law. (*Cuyahoga Power Co.* v. *Akron,* 240 U. S. 462; *Sinnot* v. *Davenport,* 22 How. [U. S.] 227; *Missouri, K. & T. Ry. Co.* v. *Haber,* 169 U. S. 613; *Missouri, K. & T. Ry. Co.* v. *Harris,* 234 U. S. 412; *Dickson* v. *Uhlmann Grain Co.,* 288 U. S. 188; *Allen-Bradley Local* v. *Wisconsin Employment Relations Bd.,* 315 U. S. 740; *Woods* v. *Durr,* 170 F. 2d 976.) III. The local laws do not violate the Thirteenth Amendment. (*Marcus Brown Co.* v. *Feldman,* 256 U. S. 170.) IV. The enactment of Local Law 41 was a valid exercise of the police power. (*Block* v. *Hirsh,* 256 U. S. 135; *Marcus Brown Co.* v. *Feldman,* 256 U. S. 170; *Ullmann Realty Co.* v. *Tamur,* 113 Misc. 538.) V. The local law does not effect a deprivation of property without due process of law and without just compensation. (*Wilson* v. *Brown,* 137 F. 2d 348; *Bowles* v. *Willingham,* 321 U. S. 503; *Taylor* v. *Bowles,* 145 F. 2d 833; *Stahl* v. *Finkelstein,* 189 Misc. 870.)

*Per Curiam.* A public body cannot be commanded in an article 78 proceeding to perform an act not authorized by the statute from which it derives its power. (See, e.g., *Matter of Burr* v. *Voorhis,* 229 N. Y. 382, 387; *Matter of Hart,* 161 N. Y. 507; *Matter of Economy Holding Corp.* v. *Berry,* 234 App. Div. 214, 217.) In this case, the defendant commission is not empowered by the applicable local law to issue a certificate of eviction upon the ground that the landlord desires to withdraw the property from the rental market (Local Laws, 1949, No. 7 of City of New York; Administrative Code of City of New York, § U41–7.0, subd. c). To grant the order sought by the landlord in this article 78 proceeding would be to require the commission to exceed its statutory powers. That may not be done.

We neither reach nor pass upon the constitutional questions advanced by appellant.

The order of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Order affirmed.