Nicholas M. Pette, J.
Motion by plaintiff for an order striking out the affirmative defense (Rules Civ. Prac., rule 109) and for summary judgment (Rules Civ. Prac., rule 113). Cross motion by defendant for an order dismissing the amended complaint on the ground that it is insufficient (Rules Civ. Prac., rule 106), that it does not warrant of exercise of discretionary jurisdiction (Rules Civ. Prac., rule 212), for judgment on the pleadings (Rules Civ. Prac., rule 112) and for summary judgment dismissing the amended complaint (Rules Civ. Prac., rule 113).
The action is brought for an injunction and for judgment declaring void and unconstitutional the State Besidential Bent *620 Law (L. 1946, ch. 274, as last amd. by L. 1957, ch. 755 — hereinafter called the “ statute ”) to the extent that said statute continues to control housing accommodations as they become vacant.
All but one of the motions herein turn on the question of the constitutionality of the statute. The lone exception, the procedural question, whether the court should exercise discretionary jurisdiction herein (Rules Civ. Prac., rule 212) will be disposed of first.
It is well settled that a complaint in an action for declaratory judgment should not be dismissed as insufficient merely because the facts alleged show that the plaintiff is not entitled to a declaration of rights as he claims them to be. The court should retain jurisdiction to declare the rights of the parties whatever they may be. (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 51.)
Numerous decisions hold that an action for a declaratory judgment is a proper method of testing the constitutionality of a statute. One of the most recent of such decisions is Salzman v. Impellitteri (305 N. Y. 414) wherein the Court of Appeals upheld the constitutionality of a statute involving the turn-over of the city’s transportation facilities to the Transit Authority. The underlying principle is well stated in Dun & Bradstreet v. City of New York (276 N. Y. 198, 206) as follows: “The undisputed facts in this case make it peculiarly one where the remedy of a declaratory judgment should be granted. That remedy is applicable in cases where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved. In such cases, pure questions of law are presented.” So here, the facts are not disputed. Both parties move for summary judgment. The case readily lends itself to the remedy of declaratory judgment. Nor was plaintiff under any obligation to seek relief from the administrative agency. (Matter of Wong v. Finkelstein, 299 N. Y. 205.)
Plaintiff challenges the constitutionality of the statute on three grounds. The first is that the statute controlling housing accommodations after they become vacant deprives plaintiff of property without due process because the new tenant is provided with police power protection of a controlled rent although as to bim there is no shortage of housing accommodations since he has found adequate space. This argument is specious since the Legislature must look not at one individual who has or has not accommodations, but at the total over-all picture. Plaintiff does not challenge the general housing shortage which the *621 Legislature finds still exists. There is no merit to plaintiff’s first argument.
Plaintiff’s second argument is that the statute is discriminatory in that it provides for decontrol of housing accommodations in one- and two-family houses as they become vacant, but fails to provide for such decontrol in buildings containing more than two housing accommodations. This argument is more plausible, but upon examination it lacks real merit. It was within the competence of the Legislature to determine that decontrol of small housings would not appreciably affect the housing shortage, whereas decontrol of large holdings would. ■ Moreover, if decontrol is to be gradual so as to avoid a shock to the rental market, it is not unreasonable that it should commence with landlords whose rental accommodations would not greatly affect the market.
Plaintiff’s third argument that the statute is discriminatory in that it provides for decontrol of housing accommodations as they become vacant in Nassau County, but fails to provide the decontrol of housing accommodations in Queens County, is also without merit. Queens County is in the city of New York where almost eight million people reside in five counties. The remaining 57 counties of the State have an approximate population of six million people. Obviously, the Legislature could properly distinguish between the highly concentrated population of New York City and the more sparsely settled areas elsewhere. (Teeval Co. v. Stern, 301 N. Y. 346.) The fact that there will be a clash at the boundary line does not make the distinction invalid. The line must be drawn somewhere.
The statute in question is constitutional. Plaintiff’s motions are denied and defendant’s motions, other than that under rule 212 of the Rules of Civil Practice, are granted.
Submit order.