Bergan, J.
The property of petitioner Morewood Realty Corporation was taken by the County of Nassau for public purposes and, with property of other owners, was the subject matter of a condemnation proceeding.
After proof on petitioner’s claim was completed the Judge at Special Term made a decision November 21, 1963 awarding the petitioner $7,041,216 and directed that a tentative decree be submitted to carry out this decision.
The County Attorney who represented the county in the proceeding declined to submit such a tentative decree. On February 5, 1964 the petitioner instituted a proceeding which, although under the general title of the condemnation action, sought independent relief expressly under article 78 of the CPLR.
The petitioner in this special proceeding alleged that the court had made an award to the petitioner and had made a direction to the county to submit a ‘ ‘ tentative decree”; that the County Attorney had the duty of representing it in condemnation matters, and that “the duty” of preparing a tentative decree as directed by the Judge “is imposed upon ” such attorney.
The relief sought, as directed by an order to’ show cause which brought on the special proceeding, was to direct the County Attorney ‘1 to submit a partial tentative decree ’ ’ or, as an alternative, to show why a proposed form of decree annexed to the papers should not be submitted.
*109 The response to this was a motion by the County Attorney to dismiss the petition for insufficiency on its face coupled with an express reservation of the right to answer, if that motion be denied.
The legal defense asserted by the county to the petition was that under the pertinent statute (Nassau County Administrative Code, § 11-55.0) a “ separate and tentative decree or report ” could be made by the Supreme Court only upon authorization of the Board of Supervisors; that such board had not authorized such a decree in this case, and that, therefore, the County Attorney had no duty to submit such a decree to the court and mandamus to compel him to do so, resting necessarily on a clearly demonstrated duty, would not lie.
The Judge at Special Term agreed with this objection and announced that “ the petition [must be] dismissed”. But he directed the County Attorney “ to make immediate application to the Board of Supervisors for such authorization”. This relief had not been sought by petitioner; but the petition included a request for such other relief as the court might think proper.
The court stated in its opinion on the apparent basis of some off-the-record personal assurance “by a representative of the Board of Supervisors” that the board 1 ‘ would surely give favorable consideration ” to any such application made by the County Attorney.
The judgment or order that resulted from this opinion directed the County Attorney “to make immediate application to the Board of Supervisors of the County of Nassau for authority, pursuant to Section 11-55.0 of the Nassau County Administrative Code, to submit to this Court a partial tentative decree with respect to the award to be made to claimant ”.
The Appellate Division affirmed without comment and the county appeals here. We are of opinion no mandatory duty rested on the County Attorney to make this application to the Board of Supervisors and that, accordingly, relief in the nature of mandamus to direct such application be made was not available.
Respondent raises the question of the jurisdiction of this court to hear the appeal, a question which we had considered when the motion for permission to appeal was granted (15 N Y *110 2d 484, 847). The petition and the order to show cause which brought on the application were in form directed to the submission of a decree which could well bo regarded as relief within the condemnation proceeding itself.
But this relief having been denied, the court under the additional relief sought made an order well outside the scope of the condemnation proceeding directing an application to the legislative body by a county officer. When relief took this form it clearly became a separate proceeding; and indeed the Judge who heard the case regarded the application as one “under Article 78 of the CPLR ”. The resulting judgment (or order) was hence final and subject to our review by permission.
The judgment or order in effect directed a local government counsel to make a recommendation to his superior, the legislative body of the county, as to the manner of exercise of a discretionary statutory power vested in the Supervisors. No duty to make such an application is shown to have rested on the attorney.
The condemnation proceeding was before the Special Term and counsel in a proceeding are expected to be responsive to the procedural directions of the Justice before whom it is pending; but this does not confer a summary power on the Justice to compel the lawyer to make application to an independent branch of the local government for the exercise of discretionary power residing in that branch, even though the exercise of the power might have an influence on the kind of a decision the Judge might make had the power been exerted in a particular direction. (Matter of Wong v. Finkelstein, 299 N. Y. 205; Matter of Walsh v. La Guardia, 269 N. Y. 437; Matter of Martin’s Securities Co. v. Walker, 259 N. Y. 120; 55 C.J.S.,Mandamus, § 129.)
Respondent argues that the statute (Nassau County Administrative Code, § 11-40.0) authorizes the court to “instruct the county attorney as to the preparation of the final decree ” and to instruct him as to the preparation of certain abstracts of the estimate of damage to be signed by the Judge and become a tentative decree (§§ 11-36.0,11-37.0). But the court expressly denied this part of the relief sought and the statute gives no support for the kind of relief granted.
*111 The judgment or order at Special Term also provided that, if the County Attorney failed to make prompt application to the Supervisors as it directed “ or if the Board of Supervisors of the County of Nassau denies such authorization, or withholds the same for an unreasonable time, claimant Morewood Realty Corporation may apply at the foot of this judgment for such other and additional relief as may be appropriate. ’ ’
The county is not presently aggrieved by this possibility of further judicial action and it remains to be seen whether “ appropriate ” other relief if granted would adversely affect the county. If the county itself, having taken private property, unreasonably delays compensation and has it within its power to make payment, relief may be directed against it in an appropriate proceeding pursuant to article 78 of the CPLR to insure to the owner the constitutional guarantee of just compensation. But that question is not presented by this record.
The order of the Appellate Division should be modified by reversing so much of the judgment or order at Special Term as directs the County Attorney to make application to the Board of Supervisors, and, as thus modified, should be affirmed, with costs to respondent-appellant County of Nassau.
Chief Judge Desmond and Judges Dye, Fuld and Scileppi concur with Judge Bergan ; Judges Van Voorhis and Burke dissent and vote to dismiss the appeal upon the grounds that (1) the county was the prevailing party in that part of the judgment which dismissed respondent’s petition and thus has no right to appeal, and (2) that part of the judgment of Special Term acting in the condemnation proceeding and directing the County Attorney to perform a ministerial act, which was affirmed by the Appellate Division, is nonfinal and not appealable to this court. That part of the judgment is an intermediate order in a condemnation proceeding which would make it possible for the Board of Supervisors to act on the question whether to pay or withhold payment of the award separately to the claimant.
Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs in all courts.