WILLIAM J. BRADFORD et al., Appellants, *v.* COUNTY OF SUFFOLK, Respondent.

Argued May 29, 1940; decided July 24, 1940.

*M. E. Harby* and *Frederick W. Bickmann, Jr.,* for appellants. The decision, that the judgment rendered at Special Term was correct but that it has been retroactively avoided by statute, violates rules of property, and is void. (*Feiber Realty Co.* v. *Abel,* 265 N. Y. 94; *Meigs* v. *Roberts,* 162 N. Y. 371; *County of Nassau* v. *City of Long Beach,* 272 N. Y. 260; *Town of Walton* v. *Adair;* 111 App. Div. 817; 191 N. Y. 509; *Germania Sav. Bank* v. *Suspension Bridge,* 159 N. Y. 362; *Gilman* v. *Tucker,* 128 N. Y. 190; *Louisiana* v. *New Orleans,* 102 U. S. 203; *Danzer & Co.* v. *Gulf & Ship Island R. R. Co.,* 268 U. S. 633.)

*Ralph Stout, Harry S. Austin* and *Edgar F. Hazleton* for respondent. Any question as to the validity of the resolution of the Board of Supervisors dated October 26, 1936, and of the proceedings had thereunder, has been disposed of by chapter 572 of the Laws of 1939. (*People ex rel. Clark.* v. *Gilchrist,* 243 N. Y. 173; *American Steel Foundries* v. *Tri-City C. T. Council,* 257 U. S. 184; *Ruland* v. *Tuthill,* 187 App. Div. 20; *City of New York* v. *Village of Lawrence,* 250 N. Y. 429; *Wrought Iron Bridge Co.* v. *Town of Attica,* 119 N. Y. 204; *People ex rel. Lucey* v. *Molloy,* 35 App. Div. 136; 161 N. Y. 621; *Matter of Pardee* v. *Rayfield,* 192 App. Div. 5; 230 N. Y. 543; *People ex rel. American Exchange Nat. Bank* v. *Purdy,* 196 N. Y. 270; *United States* v. *Heinszen & Co.,* 206 U. S. 370; *Hodges* v. *Snyder,* 261 U. S. 600.)

*Per Curiam.* This action was one for a judgment declaring two resolutions of the Board of Supervisors of Suffolk county and three ensuing items of a tax warrant to be unlawful and void for want of statutory authorization

thereof. Special Term granted such a judgment. Pending an appeal by the defendant to the Appellate Division, the Legislature, by chapter 572 of the Laws of 1939, declared that the contested resolution of October 26, 1936, was as of the times in issue " legalized and validated, notwithstanding any defect, irregularity or omission therein  *  *  *  or in the lack of statutory authority therefor." The Appellate Division was bound to give effect to this curative statute (*People ex rel. Clark* v. *Gilchrist*, 243 N. Y. 173, 180) which interdicted the declaratory judgment granted by Special Term. Since no other relief was sought by plaintiffs, the complaint should have been dismissed by the Appellate Division.

Whether the curative statute was, as plaintiffs claim, an attempt retroactively to confirm taxation is a question that need not be considered. (See *Lennon* v. *Mayor*, 55 N. Y. 361.)

The judgment of the Appellate Division should be modified so as to direct only that the complaint be dismissed on the law and, as so modified, affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.