MABEL L. SMART, Landlord, Appellant, *v.* KATHERINE E. BRUNNINGS, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, April 8, 1948.

*Francis S. Bensel* and *Hancock Griffin, Jr.*, for appellant.

*Charles H. Buckley* and *George Link, Jr.*, for respondent.

*Per Curiam.* The decision of the Appellate Division in *Matter of Molnar* v. *Curtin* (273 App. Div. 322, affd. 297 N. Y. 967), precludes objection to the constitutionality of chapter 4 of the Laws of 1948, validating Local Law No. 66 of 1947 of the City of New York.

By subdivisions (a) and (b) of section 2 of article II of **regulation II of** the temporary city housing rent commission

it is provided that no landlord shall take any further action in any proceeding to evict which was instituted in any court prior to September 17, 1947, and which was pending on that day unless he first obtains a certificate of eviction from the commission, and that a proceeding to evict is deemed to be pending if a warrant of eviction was not issued prior to September 17, 1947.

The present proceeding was begun August 4, 1947, and the petition is in proper form.

The parties appearing in court for trial the tenant's counsel moved that in the absence of a certificate the proceeding be dismissed, and the court granted the motion.

The only penalty imposed on the landlord for lack of a certificate in the circumstances was, as cited above, that " No landlord shall take any further action in any proceeding to evict " — not the dismissal of his proceeding.

It is true that the landlord's counsel stated in court that he did not intend to apply for a certificate; but he had a right to choose to appeal rather than make the application.

The final order should be reversed, and case remanded to the court below for further proceedings in accordance with the local law, with $10 costs to appellant to abide the event.

HAMMER, EDER and HECHT, JJ., concur.

Final order reversed, etc.