In the Matter of ALBERT TARTAGLIA et al., Respondents, against HAROLD J. McLAUGHLIN, a Justice of the Municipal Court of the City of New York, et al., Appellants.

Argued March 16, 1948; decided May 20, 1948.

*John P. McGrath, Corporation Counsel* (*Stanley Buchsbaum, Seymour B. Quel, William L. Messing* and *David A. Steinbock* of counsel), for appellants. I. Local Law No. 66 does not violate the Federal Constitution. (*People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429; *Guttag* v. *Shatzkin,* 230 N. Y. 647; *Levy Leasing Co.* v. *Siegel,* 230 N. Y. 634, 258 U. S. 242; *Block* v. *Hirsh,* 256 U. S. 135; *Marcus Brown Co.* v. *Feldman,* 256 U. S. 170; *Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571; *Finn* v. *415 Fifth Ave Co.,* 153 F. 2d 501; 328 U. S. 838.) II. Under the New York Constitution, the City Home Rule Law, and the New York City Charter, the city has the power to enact legislation to protect the safety and health of its inhabitants so long as the legislation does not conflict with State laws. (*City of Rochester* v. *Macauley-Fien Milling Co.,* 199 N. Y. 207; *Village of Carthage* v. *Frederick,* 122 N. Y. 268; *People* v. *Lewis,* 295 N. Y. 42.) III. There is no conflict between Local Law No. 66 and any State law. (*People* v. *Lewis,* 295 N. Y. 42; *People* v. *Sampsell,* 248 N. Y. 157; *People ex rel. Oltarsh* v. *Levy,* 152 Misc. 674, 242 App. Div. 617, 266 N. Y. 523; *Polinsky* v. *People,* 73 N. Y. 65; *People* v. *Steinhardt,* 245 N. Y. 553; *Reich* v. *Cochran,* 201 N. Y. 450; *People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429; *Gray* v. *Powell,* 314 U. S. 402; *Welch Co.* v. *New Hampshire,* 306 U. S. 79.) IV. Local Law No. 66 is applicable to the petitioners despite the fact that it was enacted after a final order had been issued to them in an eviction proceeding, but before a warrant had been issued. (*Matter of Cohen* v. *Starke,* 269 App. Div. 256; *Rosen* v. *370 West 35 St. Corp.,* 184 Misc. 172; *People ex rel. Rayland Realty Co.* v. *Fagan,* 194 App. Div. 185, 230 N. Y. 653; *Lambert* v. *Lambert,* 270 N. Y. 422.) V. The enactment of chapter 4 of the Laws of 1948, removed any question as to the validity of Local Law No. 66. (*People ex rel. Clark* v. *Gilchrist,* 243 N. Y. 173; *Robinson* v. *Robins Dry Dock & Repair Co.,* 238 N. Y. 271; *Bradford* v. *County of Suffolk,* 283 N. Y. 503; *Smith*

v. *City of Buffalo,* 159 N. Y. 427; *Robia Holding Corp.* v. *Walker,* 257 N. Y. 431.) VI. Local Law No. 66 is not in conflict with the Federal Housing and Rent Act of 1947. (*People* v. *Mailman,* 182 Misc. 870, 293 N. Y. 887; *People* v. *Lewis,* 295 N. Y. 42; *People* v. *Sell,* 310 Mich. 305; *Davies Warehouse Co.* v. *Bowles,* 321 U. S. 144; *Kelly* v. *Washington,* 302 U. S. 1; *Dickson* v. *Uhlmann Grain Co.,* 288 U. S. 188.)

*Arthur Cooperman* for respondents. I. Section U41–7.0 of the Administrative Code of the City of New York, effective September 17, 1947, is an attempt to legislate upon matters of exclusively State concern, and, therefore, unconstitutional. (City Home rule Law, § 11, subd. 2; § 12, subd. 2; *Adler* v. *Deegan,* 251 N. Y. 467; *Matter of Kress & Co.* v. *Dept. of Health,* 283 N. Y. 55; *Jewish Consumptives' Relief Soc.* v. *Town of Woodbury,* 230 App. Div. 228, 256 N. Y. 619; *People ex rel. Kieley* v. *Lent,* 166 App. Div. 550, 215 N. Y. 626; *City of New York* v. *Maltbie,* 274 N. Y. 90; *People* v. *County of Westchester,* 282 N. Y. 224; *Gennis* v. *Milano,* 135 Misc. 209.) II. The justice who issued a final order of eviction must issue a warrant. (Civ. Prac. Act, § 1432; *People ex rel. Allen* v. *Murray,* 2 Misc. 152, 138 N. Y. 635; *People ex rel. Kilgallon* v. *Nuhns,* 92 Misc. 312.) III. Chapter 4 of the Laws of 1948 is void and unconstitutional. (*Matter of Mooney* v. *Cohen,* 272 N. Y. 33; *Rand* v. *Massachusetts Benefit Life Assn.,* 18 Misc. 336, 20 App. Div. 392; *People ex rel. Mutual Life Ins. Co.* v. *Board of Supervisors,* 16 N. Y. 424; *Weisberg* v. *Weisberg,* 112 App. Div. 231.) IV. Issuance by the Office of Price Administration of a certificate authorizing landlord to proceed made required grounds for removal of tenant inapplicable. (*New York City Housing Authority* v. *Curington,* 181 Misc. 955.) V. The " Sharkey Law " (Administrative Code of the City of New York, § U41–7.0), effective September 17, 1947, and chapter 4 of the Laws of 1948 are not retroactive so as to affect any final order entered or proceeding commenced prior to its effective date. (*Western N. Y. & Pa. Ry. Co.* v. *City of Buffalo,* 296 N. Y. 93; *Hastings* v. *Byllesby & Co.* [*Granbery*], 293 N. Y. 413; *Shielcrawt* v. *Moffett,* 294 N. Y. 180; *Jacobus* v. *Colgate,* 217 N. Y. 235.)

LOUGHRAN, Ch. J. As landlords of an apartment property in Brooklyn, the petitioners demand an order for a warrant

whereby the tenants of the premises will be dispossessed therefrom. One of the two defendants is a Justice of the Municipal Court of the City of New York and the other is the clerk of that tribunal. For the sake of convenience, we shall speak of the petitioners as the landlords and of the defendants as the Municipal Court.

Having obtained a then necessary eviction certificate from the Rent Control Division of the Federal Office of Price Administration, the landlords, on March 11, 1947, instituted in the Municipal Court a summary proceeding to recover possession of the property in question. Though the final order made in that proceeding ran against the tenants, issuance of a warrant to dispossess them was immediately stayed and the landlords were thereafter required to show cause on September 18, 1947, why a further stay should not be granted. Before that date came round, however, the City of New York enacted an emergency local law (Local Laws, 1947, No. 66 of City of New York) barring the removal of apartment tenants at any time before September 30, 1948, except for nonpayment of rent, unless a local body — the Temporary City Housing Rent Commission — should in a particular case certify the existence of one or more other specified grounds for eviction. (Administrative Code of the City of New York, § U41-7.0.) This local law was made applicable " to all pending and future eviction proceedings " (subd. o). Accordingly, on the return of the above-mentioned order to show cause on September 18, 1947, a warrant of eviction was again withheld — this time until October 11, 1947 — by an order in which the Municipal Court also called upon the landlords to obtain in the meantime an eviction certificate from the Temporary City Housing Rent Commission under the local law. Upon their failure to comply with that order, the landlords were dismissed by the Municipal Court and they then brought in the Supreme Court this article 78 proceeding to compel issuance of the warrant of eviction which the Municipal Court had denied them.

On the strength of the prohibition against local legislation that would change or supersede or be inconsistent with an act of the Legislature (N. Y. Const., art. IX, § 12; City Home Rule Law, § 11, subd. 2), Special Term nullified the local law for incompatibility with the long-existing statute which — in

all courts of record in this State — regulates the prosecution of summary proceedings to recover possession of real property (Civ. Prac. Act, art. 83). The Appellate Division affirmed that declaration of the right of the landlords to a warrant ousting their tenants. But the decision so made by the courts below soon became of no more than secondary importance, because the Legislature thereupon " legalized and validated " the local law (and other related local laws) by enacting a statute (L. 1948, ch. 4) which says: " Notwithstanding any defect, irregularity or omission of any lawful requirement or lack of statutory authority, all acts and proceedings of the local legislative body, the board of estimate and the mayor of the city of New York in enacting local law number fifty-four, local law number sixty-six, local law number sixty-seven, local law number sixty-eight, local law number seventy-three and local law number eighty of the local laws of the city of New York for the year nineteen hundred forty-seven, and all of the provisions of such local laws are hereby legalized and validated. Such local laws shall be deemed effectual as of the date when such local laws purported to take effect and all acts authorized thereby are hereby legalized and confirmed."

All other things being in order, this curative statute may be given effect on this appeal (see *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271, 281; *People ex rel. Clark* v. *Gilchrist*, 243 N. Y. 173, 180). When that statute went into effect on February 3, 1948, the summary proceeding which long theretofore had been instituted by the landlords in the Municipal Court was still pending within the meaning of the local law, for no warrant was ever issued in that proceeding, though a final order in favor of the landlords had been entered therein (cf. *People ex rel. Rayland Realty Co.* v. *Fagan*, 194 App. Div. 185, affd. 230 N. Y. 653; *Matter of Cohen* v. *Starke*, 269 App. Div. 256). Therefore, we address ourselves at once to the question whether the curative statute — at least as of its effective date — is a valid enactment.

Such an adoption of a local law by State legislation may be an entirely sound procedure, even if the local law in itself was not a legitimate exercise of city power (see *Robia Holding Corp.* v. *Walker*, 257 N. Y. 431, 437; *Bradford* v. *County of Suffolk*, 283 N. Y. 503, 505). Broad as they are, the above

words of the curative statute do not exceed the jurisdiction of the Legislature to validate all that it might have authorized in the first place (see *Smith* v. *City of Buffalo,* 159 N. Y. 427, 433). Hence, as we think, the curative statute does not overrun the ban placed by the State Constitution (art. III, § 16) upon the incorporating of one statutory provision into another by a process of mere reference (cf. *People ex rel. Commissioners* v. *Banks,* 67 N. Y. 568; *Bradford* v. *County of Suffolk, supra*; *People* v. *Mailman,* 293 N. Y. 887). Nor does the curative statute attempt to affect the localized " property, affairs or government " of a city contrary to the home rule principle guaranteed by section 11 of article IX of the State Constitution (cf. *Adler* v. *Deegan,* 251 N. Y. 467). In short, the curative statute is undoubtedly valid so far as the law of this State is concerned.

At this point, we go back for a moment to the eviction certificate that was granted to the landlords by the Federal rent authority. Of course, that Federal license did not give the landlords a right to possession; indeed it merely authorized them to resort to any remedies that were open to them in the State courts. (See *Parker* v. *Porter,* 154 F. 2d 830, 832, revd. on other grounds *sub nom. Parker* v. *Fleming,* 329 U. S. 531.)

Under the now State-adopted local law, the facts determinative of a landlord's right to possession must be passed upon by a local administrative agency in the first instance. This variation from the Federal Housing and Rent Act of 1947 is the only difference between the two enactments that we need here consider, inasmuch as the petitioners have not shown themselves to be aggrieved by any other. Emergency control of rents and evictions would seem to be an affair for concurrent Federal and State action, at least until the field is pre-empted by Congress and so long as local legislation in that field does not conflict with the letter or policy of any Federal enactment (cf. *Block* v. *Hirsch,* 256 U. S. 135; *Gilbert* v. *Minnesota,* 254 U. S. 325; *Southern Pacific Co.* v. *Arizona,* 325 U. S. 761, 766; *Bethlehem Steel Co.* v. *New York State Labor Relations Bd.,* 330 U. S. 767, 772-773). Neither the Federal Housing and Rent Act of 1947 (61 U. S. Stat. 193; U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) nor that of 1948 (Public Law 464, 80th Cong.) contains

any prohibition against local complementary action by the States, though such a prohibition did appear in an earlier version of the Federal legislation (see Emergency Price Control Act of 1942, § 2, as amd. by Price Control Extension Act of 1946, § 5, 60 U. S. Stat. 664, 671; U. S. Code, tit. 50, Appendix, § 902). Nor can it be said, in our judgment, that a State law commanding a landlord to submit to a local administrative body the question of his right to possession " conflicts with the Act of Congress, or plainly and palpably infringes its policy." (See *Southern Pacific Co.* v. *Arizona, supra,* at p. 766.) As we see it, a requirement of that kind is simply an aid in the enforcement of the Federal statute and does not substantially differ from the local penalty provisions that were sustained in *People* v. *Lewis* (295 N. Y. 42) and *People* v. *Mailman* (293 N. Y. 887, *supra*).

The orders should be reversed and the petition dismissed, without costs.

LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Orders reversed, etc.