PANASKY REALTY CORP., Landlord, Appellant, *v.* ALBERT KAPLAN, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, June 17, 1948.

*Sol Rosenbluth* for appellant.

*Esau J. Mishkin* for respondent.

HECHT, J. Summary proceeding on the ground that the land-lord requires possession for occupancy solely as an apartment for a superintendent of the premises.

The Office of Price Administration Administrator on March 24, 1947, issued a certificate to the landlord for the above purpose.

January 8, 1948, the temporary city housing rent commission, pursuant to new Local Law No. 66 of 1947 for the City of New York issued its certificate to the landlord certifying " that the following ground exists for the institution by the applicant of eviction proceedings against the above named tenant: The applicant seeks in good faith to recover possession of such apartment for his own immediate and personal use and occupancy for dwelling purposes. (For use of a superintendent only as required by law.) "

The tenant pleaded that under the Federal law, effective July 1, 1947, the landlord is barred from maintaining the proceeding and that the proceeding is not brought in good faith.

Prior to the trial the landlord served notice of motion to amend the petition at the trial by alleging that the landlord seeks in good faith to recover possession of the housing accommodation for its immediate personal use and occupancy as housing accommodation for its superintendent in charge of the premises; and that the tenant occupied said housing accommodation for illegal purposes in violation of section 83 of the Multiple Dwelling Law, which provides in substance that whenever there are thirteen or more families occupying any multiple dwelling and the owner does not reside therein there shall be a janitor, housekeeper or some other person responsible on behalf of the owner who shall reside in and have charge of such dwelling.

No testimony was taken on the trial. The landlord moved to amend in conformity with the notice, the tenant moved to dismiss, and the trial judge dismissed the proceeding without prejudice, apparently on the theory that the Office of Price Administration certificate ceased to be operative July 1, 1947, when the Federal Housing and Rent Act (U. S. Code, tit. 50,

Appendix, § 1881 *et seq.*) became effective, and further that the procurement of the city certificate should be alleged in the petition to confer jurisdiction on the court.

Subdivision (b) of section 1 of the Emergency Price Control Act of 1942, as amended by the Price Control Extension Act of 1946 (U. S. Code, tit. 50, Appendix, § 901, subd. [b] as amd.), provides for the termination of the act on June 30, 1947, " except that as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this Act and such regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense." This saving of the rights of Office of Price Administration certificate holders was not invoked in the court below or in this court.

In the light of the above provision it is clear that the certificate issued by the administrator March 24, 1947, continued in full force and effect after July 1, 1947, when the housing and rent act of 1947, became effective, and in the absence of contrary Legislation is still operative. (See *Fleming* v. *Mohawk Co.*, 331 U. S. 111, 114.)

The petition in this summary proceeding was filed in July, 1947, and the local law requiring the landlord to procure a certificate from the rent commission became effective September 17, 1947. Manifestly, compliance with the local law could not be pleaded, and the petitioner received the city certificate on or about January 8, 1948, which accords with the requirements of the local regulation (Reg. II, art. II, § 2, subds. [a], [b] ; and see *Smart* v. *Brunnings*, 191 Misc. 653).

In *Matter of Tartaglia* v. *McLaughlin* (190 Misc. 266) it appeared that the landlords brought a summary proceeding in the Municipal Court based upon an Office of Price Administration certificate and after trial on April 11, 1947, obtained a final order. However the justice refused to issue a warrant in the absence of the certificate required by the local law. Thereupon the landlords brought a proceeding under article 78 of the Civil Practice Act for an order directing the justice to issue the warrant, and the order was granted by the Special Term and affirmed by the Appellate Division, Second Department (273 App. Div. 821).

The Court of Appeals held (297 N. Y. 419, 424) that chapter 4 of the Laws of 1948 legalized and validated the local law, and " All other things being in order, this curative statute may be given effect on this appeal ".

The court said (pp. 425-426): " At this point, we go back for a moment to the eviction certificate that was granted to the landlords by the Federal rent authority. Of course, that Federal license did not give the landlords a right to possession; indeed it merely authorized them to resort to any remedies that were open to them in the State courts. (See *Parker* v. *Porter,* 154 F. 2d 830, 832, revd. on other grounds *sub nom. Parker* v. *Fleming,* 329 U. S. 531.)

"Under the now State-adopted local law, the facts determinative of a landlord's right to possession must be passed upon by a local administrative agency in the first instance. This variation from the Federal Housing and Rent Act of 1947 is the only difference between the two enactments that we need here consider, inasmuch as the petitioners have not shown themselves to be aggrieved by any other. Emergency control of rents and evictions would seem to be an affair for concurrent Federal and State action, at least until the field is pre-empted by Congress and so long as local legislation in that field does not conflict with the letter or policy of any Federal enactment (cf. *Block* v. *Hirsch,* 256 U. S. 135; *Gilbert* v. *Minnesota,* 254 U. S. 325; *Southern Pacific Co.* v. *Arizona,* 325 U. S. 761, 766; *Bethlehem Steel Co.* v. *New York State Labor Relations Bd.,* 330 U. S. 767, 772–773). Neither the Federal Housing and Rent Act of 1947 (61 U. S. Stat. 193; U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) nor that of 1948 (Public Law 464, 80th Cong.) contains any prohibition against local complementary action by the States, though such a prohibition did appear in an earlier version of the Federal legislation (see Emergency Price Control Act of 1942, § 2, as amd. by Price Control Extension Act of 1946, § 5, 60 U. S. Stat., 664, 671; U. S. Code, tit. 50, Appendix, § 902). Nor can it be said, in our judgment, that a State law commanding a landlord to submit to a local administrative body the question of his right to possession 'conflicts with the Act of Congress, or plainly and palpably infringes its policy.' (See *Southern Pacific Co.* v. *Arizona, supra,* at p. 766). As we see it, a requirement of that kind is simply an aid in the enforcement of the Federal statute and does not substantially differ from the local penalty provisions that were sustained in *People* v. *Lewis* (295 N. Y. 42) and *People* v. *Mailman* (293 N. Y. 887, *supra*)."

Clearly the trial judge in the instant case erred in holding that the rights given the landlord by the Federal certificate were nonexistent at the time of the trial. (*Wiederlight* v. *Janis,* N. Y. L. J., Oct. 28, 1947, p. 1061, col. 6, decided by this court; *Matter of Kujawska,* 72 N. Y. S. 2d 234.)

Here we have a valid Office of Price Administration certificate and, as " an aid in the enforcement of the Federal statute " the certificate of the local rent commission as validated by the Legislature.

The final order should be reversed and a new trial ordered, with $30 costs to appellant to abide the event.

HAMMER and HOFSTADTER, JJ., concur.

Final order reversed, etc.