MEIER and wife, Appellants, vs. SMITH, Respondent.

*November 19—December 15, 1948.*

For the appellants there was a brief by *Dougherty, Arnold & Waters* of Milwaukee, and *Barnard & Allen* of Oshkosh, and oral argument by *Suel O. Arnold* and *Hanlin J. Hayes* of Milwaukee.

For the respondent there were briefs by *Kaumheimer, All & Likert* of Milwaukee, and oral argument by *George II. Likert, Jr.*

There was also a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

MARTIN, J. The history of federal rent control is briefly as follows: The Emergency Price Control Act of 1942 was passed by the 77th congress and approved January 20, 1942. It not only contained authorization to impose rent controls and restrictions on evictions but also for control of prices and distribution of materials and commodities. This congressional act, which originally would have expired June 30, 1943, was subsequently extended to June 30, 1947. It was not renewed by congress but allowed to expire on that date.

The 80th congress enacted an entirely new law, the Housing and Rent Act of 1947, which was approved June 30, 1947,

and immediately effective (50 USCA App., sec. 1881 *et seq.*). This act was to expire February 29, 1948, but it was subsequently extended to March 31, 1948. The 80th congress at the second session then enacted the Housing and Rent Act of 1948 (Ch. 161, Public Law 464, 80th Congress, 2d Sess.), which amended the Housing and Rent Act of 1947. It was approved March 30, 1948, and took effect April 1, 1948. The expiration date is March 31, 1949.

The lack of anything in the Housing and Rent Act of 1947, in respect to procedure for evictions, was one of the considerations that impelled the 1947 legislature to enact sec. 234.26, Wis. Stats. The provisions in sec. 234.26 were enacted by ch. 442, Laws of 1947, and amended by ch. 614, Laws of 1947. There was nothing in ch. 442 specifying when it should take effect. Accordingly, under sec. 370.05, Wis. Stats., it took effect and went into operation July 26, 1947, the next day after its publication, which was on July 25, 1947. Ch. 614, an amendment to sec. 234.26, for the same reason took effect on October 4, 1947, the day after its publication. By express provision (sub. (10)), sec. 234.26 expires March 31, 1949.

The first question in this case is whether the provisions of sec. 234.26 (6) (d), Wis. Stats., conflict with the provisions of sec. 209 (c) of the Housing and Rent Act of 1947, as amended by the Housing and Rent Act of 1948, and our consideration is being confined solely to this one point of conflict directly involved.

The Federal Rent Control Act of 1948 enumerates certain conditions which must be satisfied by a landlord before he institutes an eviction action against a tenant. Sec. 209 (a) of the act of June 30, 1947, provides:

"No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court. . . unless—

"(2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations. . . ."

Sec. 209 (c) of the Housing and Rent Act as amended by sec. 204 (e) on March 30, 1948, provides:

"No tenant shall be obliged to surrender possession of any housing accommodations pursuant to the provisions of paragraph (2), (3), (4), (5), or (6) of subsection (a) until the expiration of *at least sixty days* after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraphs." (Italics ours.)

Sec. 209 (c) of the Federal Rent Control Act does not create any right in the landlord to evict a tenant—neither does it impose any duty upon a tenant to surrender possession of the premises to the landlord. The sole function of the statute is to create a condition precedent which must be satisfied before the landlord will be permitted to pursue his eviction remedy in a court of competent jurisdiction.

Sec. 234.26 (6) (d), Wis. Stats., provides in part that subsequent to July 26, 1947, no tenant who has entered into possession with the consent or permission of a landlord shall be evicted except when such tenant "fails or refuses to surrender possession for *bona fide* owner occupancy *after six months'* written notice by the owner to such tenant to surrender the premises," which notice must be served in the same manner as a summons. (Italics ours.)

It is clear that in the absence of a state statute authorizing the prosecution of an eviction or unlawful-detainer action, a landlord would be powerless to regain possession of leased premises since the Federal Rent Control Act does not confer any right upon landlords to institute eviction or unlawful-detainer actions. In other words, a landlord is impotent until the state creates a remedy for the eviction of the tenant. Since the state must create the remedy, the state may impose

such restrictions as it deems to be in the best interests of its citizens, provided such restrictions are equivalent to or in excess of the minimum of sixty days required by sec. 209 (c) of the federal act. See *Poirier v. Desillier* (D. C. 1947), 75 Fed. Supp. 402; *Parker v. Porter* (E. C. A. 1946), 154 Fed. (2d) 830; *Tartaglia v. McLaughlin* (1948), 297 N. Y. 419, 79 N. E. (2d) 809.

Unlike the federal act, sec. 234.26 (7), Wis. Stats., provides a remedy by which the landlord may evict a tenant. Such eviction action, however, cannot be maintained unless all of the requirements of sec. 234.26, including the provisions of (6) (d), requiring a six months' notice, have been complied with.

It is clear that the provision in the federal act which requires at least sixty days' written notice as a condition precedent to maintenance of eviction proceedings against a tenant for the purpose of owner occupancy, does not conflict with the provision in sec. 234.26 (6) (d), Wis. Stats., which further restricts the maintenance of eviction proceedings in such instances after the expiration of six months' written notice. There is nothing in the federal act which would prevent a court in which an eviction action was instituted from requiring a notice of six months or even longer. Congress intended such a result when it used the language of "at least sixty days." There is no repugnance or conflict so direct and positive that the two acts cannot be reconciled or stand together. *Missouri, Kansas & Texas R. Co. v. Haber* (1898), 169 U. S. 613, 18 Sup. Ct. 488, 42 L. Ed. 878; *Tartaglia v. McLaughlin, supra; Southern Pacific Co. v. Arizona* (1945), 325 U. S. 761, 766, 65 Sup. Ct. 1515, 89 L. Ed. 1915.

Respondent has asserted that unless *Konkel v. State* (1919), 168 Wis. 335, 170 N. W. 715, is overruled, the decision of the lower court must be affirmed. It is clear in that case that both the Soldiers' and Sailors' Civil Relief Act and ch. 409, Laws of 1917, conferred definite rights upon military

personnel and civilians. Since neither the Federal Rent Control Act, nor sec. 234.26 (6) (d), Wis. Stats., created any rights in landlords or tenants, the *Konkel Case* has no application, and both statutes may be applied as in *Tartaglia v. McLaughlin, supra.*

Both the Federal Rent Act and sec. 234.26, Wis. Stats., deal with real property which is primarily for state and local regulation.

The second question is whether the Housing and Rent Act of 1947 as amended pre-empts the field.

In *Konkel v. State, supra,* it was stated that there are three classes of legislative acts, (1) Where the states have plenary power and congress has no right to interfere; (2) Where the federal government and the states have concurrent jurisdiction and the states may act in the absence of congressional action; and (3) Where the action of congress is exclusive and in which the states have no power whether or not congress has acted. Sec. 234.26 (6), Wis. Stats., falls within the second class, where the states may act in the absence of congressional action. In such cases, if there be no conflict, the primary question is whether congress has pre-empted the field.

It is stated in *Tartaglia v. McLaughlin, supra,* p. 811 of 79 N. E. :

"Emergency control of rents and evictions would seem to be an affair for concurrent federal and state action, at least until the field is pre-empted by congress and so long as local legislation in that field does not conflict with the letter or policy of any federal enactment [cases cited]."

The federal act does state that its provisions are applicable to all the states and territories except the District of Columbia, but it is not a statement that congress thereby intended to completely occupy the field.

The Emergency Price Control Act of 1942 was not a complete pre-emption by congress. The rent regulations issued

by the Office of Price Administration (OPA) under this act, referring to the certificates which were to be issued to a landlord authorizing eviction of a tenant, specifically authorized the landlord to "pursue his local remedies." Similar language is used in several places. Sec. 6 (e) of the OPA regulations provided: "No provision of this section shall be construed to authorize the removal of a tenant unless such removal is authorized under the local law."

This provision clearly shows that the OPA recognized that the Emergency Price Control Act of 1942 was not intended to and did not cover the entire field and that without resort to local law, there would be no remedy available to a landlord to recover possession. The federal statutes grant no such remedy.

The 1947 act is absent of anything relative to eviction procedure, and it would be necessary that compelling language be found in the 1948 enactment before an intent to pre-empt the field could be attributed to congress.

"Although where congress and the state have concurrent power, that of the state is superseded when the power of congress is exercised, the action of congress must be specific in order to be paramount. *Missouri Pacific R. Co. v. Larabee Mills,* 211 U. S. 612." *Southern R. Co. v. Reid,* 222 U. S. 424, 425, 32 Sup. Ct. 140, 56 L. Ed. 257.

It is stated in the *Tartaglia Case, supra,* p. 811 of 79 N. E.:

"Neither the Federal Housing and Rent Act of 1947, 61 U. S. Stat. at L. 193, USCA tit. 50, Appendix, secs. 1881 *et seq.,* nor that of 1948, Public Law 464, 80th Cong., contains any prohibition against local complementary action by the states, though such a prohibition did appear in an earlier version of the federal legislation (see Emergency Price Control Act of 1942, sec. 2, as amended by Price Control Extension Act of 1946, sec. 5, 60 U. S. Stat. at L. 664, 671, USCA, tit. 50 Appendix, sec. 902)."

By striking out of the 1947 and 1948 Rent Control Acts the provision contained in the former acts prohibiting any

concurrent action by the states, congress evidenced an intent that under these latter acts concurrent state regulations were in order.

In this case the provisions of the state statute do not in any way stand as an obstacle to the accomplishment or execution of the purposes of congress with respect to the Federal Rent Control Act. The state law merely implements the federal act by requiring a landlord to serve a six months' notice as a condition precedent to the maintenance of an eviction or unlawful-detainer action in the courts of the state. See *Wisconsin E. R. Board v. Algoma P. & V. Co.* (1948) 252 Wis. 549, 32 N. W. (2d) 417.

The situation in this case is contrasted greatly from that in *Konkel v. State, supra,* where in holding that the orderly administration of the affairs of the army required uniformity in the regulation of the service of civil process, it was said, p. 342:

"There is another principle applicable to the situation under consideration here, and that is that the regulation in respect to the service of civil process upon persons in the military service of the United States is of a purely national character. *Sturges v. Crowninshield, supra.* The orderly administration of the affairs of the army and navy requires that such regulations should be uniform. The military and administrative officers of the United States ought not to be required to look into the statute books of forty-eight separate states to determine what the privileges and immunities of United States soldiers are."

We find that there is nothing in the federal act to indicate any intent on the part of congress to pre-empt the field. *Tartaglia v. McLaughlin, supra; Wisconsin E. R. Board v. Algoma P. & V. Co., supra.*

The defendant in his reply brief has called our attention to *In re Wong v. Finkelstein,* Spec. Term, Queens County, Pt. I, — Misc. —, 84 N. Y. Supp. (2d) 631. In this matter it was ruled that the Housing and Rent Act of 1948 permitting

evictions for purpose of withdrawing leased housing accommodations from rental market override the New York City Rent Act, which does not permit evictions for such purpose.

It is clear from the above that there was a direct conflict, and in such case the federal act governs. In the present case, there is no such conflict. A detailed discussion is not required to distinguish the *Wong Case* from the present. So far as pre-emption of the field, we quote from page 635 of 84 N. Y. Supp. (2d):

"Some point is made of the fact that the Emergency Price Control Act amendment of 1946, prohibiting any state or local government from legislating with respect to rent control or housing accommodations in defense rental areas, was omitted from the 1947 and 1948 Housing and Rent Acts. This does not solve the problem of conflict. While that provision was in force, there could be no conflict, because there could be no local legislation. It was only after its repeal that local governments could legislate on rent control at all. Local legislation thereafter enacted still had to meet the test that it be not in conflict with the federal law."

The federal act provides in express terms that no tenant shall be obliged to surrender possession until the expiration "of at least sixty days." The Wisconsin statute requires a period of six months. This merely supplements the federal requirement and no conflict arises. It does not take any right from the landlord to possession of property granted by the Housing and Rent Act of 1948, as did the New York City Rent Act.

The third and final question relates to the effective date of sec. 234.26, Wis. Stats. Earlier in this opinion we discussed the enactment of this statute. Examination of its provisions shows that by its terms the provisions thereof were immediately and still are operative. Its applicability provision in sub. (4) says that its provision shall apply during the time the Federal Rent Law of 1947 is in effect but only to those housing accommodations that are subject to federal rent control,

and that they shall apply to such housing accommodations during the time they are subjected to the federal control. This was to make sec. 234.26 operate during federal rent control concurrently upon only those properties which are subjected to federal rent control.

Pursuant to sec. 43.08 (3), Wis. Stats., the revisor of statutes, in the printing of the statutes, substituted "from and after July 26, 1947" for the opening language "from and after the effective date of this section" as it appeared in sub. (6), ch. 442, and par. (h) of sub. (6).

We do not deem it necessary to discuss this question any further as it is apparent that sec. 234.26, Wis. Stats., became effective upon the passage and publication of chs. 442 and 614 of the Laws of 1947, which created it, and that its provisions are still in effect because of the continued existence of the Federal Rent Control Act.

*By the Court.*—Judgment reversed, and cause remanded to enter judgment in accordance with this opinion.