In the Matter of STANLEY J. KORDASZ, JR., Petitioner, against CHARLES G. COSTER et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents, and WILLIAM THOMPSON, Tenant.

Supreme Court, Special Term, Kings County, June 22, 1949.

*Wolf, Husin, Miller, Levy & Davis* for petitioner.
*Nathan W. Math* for respondents.

FENNELLY, J. This is an application by the petitioner to review the determination of the temporary city housing rent commission and to direct the issuance of a certificate of eviction.

The petitioner, in order to obtain an apartment for himself and wife, applied to the respondents for a certificate permitting the eviction of the tenant occupying the parlor floor and basement apartment consisting of five rooms. After hearing, it was determined by the commission that, though the petitioner showed the compelling necessity and good faith required by the local rent laws, he failed to comply with Local Law No. 84 of 1948 of the City of New York, requiring a landlord to proceed against the tenant occupying an apartment suitable and adequate for the landlord's use but which has the smallest number of occupants. The lower apartment was occupied by nine persons whereas the upper floor apartment was occupied by three persons.

Petitioner contends that this Local Law No. 84 is unconstitutional in that it was never validated by an act of the State Legislature and that it tends to supersede the State laws affecting summary proceedings.

The original Local Law No. 66 of 1947 of the City of New York was declared unconstitutional because of its incompatibility with State laws regulating summary proceedings, but the subsequent validating acts passed by the State Legislature cured such defects (*Matter of Tartaglia* v. *McLaughlin,* 297 **N. Y.** 419). The validation of Local Law No. 66, and others, gave the City of New York the right to legislate in a field originally pre-empted by the State and permitted a valid exercise of local legislative power within this field. Local Law No. 84 was enacted as an amendment to and became part of Local Law No. 66 as validated. Enactment of Local Law No. 84 merely helps to carry out the intent and purport of Local Law No. 66 in helping to relieve the serious emergency created by the shortage of apartments in the city of New York. In my opinion, and in view of the validation acts of the State Legislature, Local Law No. 84 is constitutional although this local law itself was not specifically validated.

The respondents denied petitioner's application for a certificate to evict the tenant occupying the lower floor apartment and did not issue a certificate for the apartment on the upper floor containing the fewest occupants. Under these circumstances the matter is referred back to the commission for a rehearing on notice to the tenant of the apartment having the fewest occupants (*Matter of Pace* v. *Coster,* 196 Misc. 115).