JOSÉ MÉNDEZ LÓPEZ, Petitioner, v. DISTRICT COURT OF PUERTO RICO, PONCE SECTION, HON. RAMÓN A. GADEA PICÓ, JUDGE, Respondent; FRANCISCA JUSINO WIDOW OF FIGUEROA, Intervener.

No. 1902. Argued May 2, 1951.—Decided May 25, 1951.

 

*Práxedes Álvarez Leandri* for petitioner. *Fernando Zapater Martínez* and *Antonio Zapater Cajigas* for intervener, defendant in the main action.

MR. ACTING CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

In the complaint in an action for unlawful detainer filed by José Méndez López in the Municipal Court of Puerto Rico, Ponce Section, after describing the property owned by said Méndez López, it was alleged in part as follows:

"That several years ago he leased this property to the defendant under a month-to-month contract for the latter to occupy it as her own residence, paying therefor a monthly rental of $45. That on January 24, 1950 the plaintiff notified the defendant in writing that he needed this house to be occupied by his legitimate son, Prudencio Méndez, and the latter's wife and children as their residence. At the same time, on that same date, he requested a permit from the Federal Housing and Rent Office in San Juan to evict the defendant in case that she did not vacate the house while he needed same in order that his son and family occupy it as their residence, and said Housing Office, on February 23, 1950, authorized the plaintiff herein to file an action of unlawful detainer against the defendant after May 9, 1950. A copy of that permit was sent to the defendant who is aware of plaintiff's authority to evict her. That the defendant, despite the lapse of over six months since the above-mentioned permit was issued, has not vacated the house, despite the steps taken by the plaintiff. That the plaintiff wishes to recover possession of the dwelling for immediate and personal use in good faith, as the residence of his legitimate son, Prudencio Méndez, the latter's wife and children, inasmuch as they have never had a house of their own and are living in a rented house, which is in a very bad condition and threatens the health and safety of the aforesaid Prudencio Méndez and his family. . . ."

By virtue of a demurrer set up by the defendant to the effect that the complaint did not state facts constituting a cause of action, the District Court of Puerto Rico, Ponce Section, on appeal sustained the demurrer granting the plaintiff five days to amend his complaint. Upon the reconsideration sought by the plaintiff having been denied and the latter having failed to amend the complaint, said court, on motion by the defendant, entered judgment dismissing the complaint, with costs, plus $75 as attorney's fees. At plaintiff's request we granted certiorari here.

■■ The main question to be decided is whether at present in Puerto Rico an action of unlawful detainer lies, based on the allegation that the owner of a rented house, under a month-to-month contract, needs it in good faith as the residence for his son, due to the fact that the Federal Housing and Rent Office of Puerto Rico has issued an eviction certificate to that effect, notwithstanding that § 12–A 6 of the Reasonable Rents Act, as amended by Act No. 201 of May 14, 1948, provides that the lessor may bring unlawful detainer proceedings: "Whenever he needs in good faith the dwelling, or part thereof, for his personal use and immediate occupancy as a place of residence."

The Housing Expediter issued the certificate under the authority of § 825.6(a) and (c)(1) of the Regulation approved by him by virtue of the authority vested in him by § 209 of the Federal Housing and Rent Act of 1947, as amended by Act No. 31 of the 81st Congress, 50 U.S.C.A. App., § 1899 (1951 Supplementary Pamphlet), 1 U. S. Code Congressional Service, 81st Congress, First Session (1949), pp. 21–32.

Said § 209 provides the following:

"Whenever in the judgment of the Housing Expediter such action is necessary or proper in order to effectuate the purposes of this Act, he may, by regulation or order, regulate or prohibit speculative or manipulative practices or renting or leasing prac-

tices (including practices relating to recovery of the possession) in connection with any controlled housing accommodations, which in his judgment are equivalent to or are likely to result in rent increases inconsistent with the purposes of this Act."

Section 825.6 (c) (1) of the Regulation provides:

"(c) *Eviction certificate; grounds for issuance.* No tenant shall be removed or evicted on grounds other than those stated in paragraph (a) of this section, unless on petition of the landlord the Housing Expediter certifies that the landlord may pursue his remedies in accordance with the requirements of local law. The certificate shall authorize the pursuit of local remedies at the expiration of the waiting period specified in paragraph (d) of this section. The Expediter shall so certify if he finds that removals or evictions of the character proposed are not inconsistent with the purposes of the act or this regulation and would not be likely to result in the circumvention or evasion thereof. The Expediter shall so find in the following cases:

"(1) *Occupancy by owner.* Where the landlord, who is the owner of the housing accommodations, establishes that he seeks in good faith to recover possession thereof for his immediate and personal use and occupancy as housing accommodations, or for the immediate and personal use and occupancy as housing accommodations by a member or members of his immediate family (see definition of 'immediate family' at the end of this subparagraph (1) . . ."

The definition referred to, reads:

"For purposes of this paragraph (c) (1), the term 'immediate family' includes only a son, son-in-law, daughter, daughter-in-law, father, father-in-law, mother, mother-in-law, stepchild and adopted child."

Section 825.6 (a) provides that as long as the tenant pays the rent to which the landlord is entitled, he can not be evicted except on one of the grounds specified in said Section or unless he obtains a certificate of eviction in accordance with paragraph (c) of this Section, *supra*, but it contains a "provided, however," which recites:

". . . That no provisions of this section shall be construed to authorize the removal of a tenant *unless such removal is authorized under local law.*" (Italics ours.)

Pursuant to the amendment introduced to § 209 of the Federal Housing and Rent Act in 1949, *supra*, the legal situation applicable to the instant case is different from that existing under § 209 (*a*) (2) of the former Act which was construed by this Court in *Avila* v. *District Court*, 68 P.R.R. 10. Notwithstanding that, in the *Avila* case, p. 19, we said:

"Moreover, it is significant that Congress, in setting up in § 209 (*a*) (2) the right of a landlord to evict a tenant to live in a dwelling himself, *did not provide that this right shall be available to the landlord only if it exists under the law of the State.* Section 209 (*a*) (2) flatly establishes this ground for eviction without reference to local law. This contrasts with § 209 (*a*) (1), where the grounds for eviction must arise under the law of the State." (Italics ours.)

The situation now is that the Federal Housing and Rent Act, § 209, amended in 1949, *supra*, did not prescribe the grounds for eviction but left the question to be regulated by the Housing Expediter and the latter, in so doing, expressly ruled that his regulation should not be construed as authorizing evictions unless they were authorized under local law. Even when issuing an eviction certificate said officer does so in order that local remedies be pursued in accordance with the requirements of local law. The purpose of said certificate is to signify that the action of unlawful detainer which the lessor proposes to institute in the insular courts does not violate any provision of the Federal Housing and Rent Act or of the Regulations of the Expediter. Said certificate does not have the scope which the petitioner wishes to give it herein to the effect that once it is issued, unlawful detainer lies if the allegations of the complaint are proved, for the Federal Regulation must prevail over § 12–A of the Reasonable Rents Act, *supra*.

In *Loab Estates* v. *Druhe*, 90 N. E. 2d 25, 27 (C. A. N. Y., 1949), construing the *proviso* of subdivision (*a*) of § 825.6, *supra*, in connection with provisions of the Administrative Code of the City of New York which prohibited the eviction of tenants from apartments for the purpose of withdrawing them from the rental market unless the landlord had made provisions for relocating the tenants in comparable quarters at no greater rents, the Court of Appeals of New York said:

"The asserted conflict with Federal law is without substance. We consider that law as it stands today; (citation) and the only inhibition upon eviction from controlled accommodations is found in a regulation of the Federal Housing Expediter. [The Regulation and the Section of the Act, *supra,* are cited], together with a declaration [this refers to the *proviso*] 'that no provisions of this section shall be construed to authorize the removal of a tenant unless such removal is authorized under local law.' In the face of that language we could not hold that a restriction established by local law conflicts with the letter or policy of the Federal Law. See *Dickson* v. *Uhlmann Grain Co.,* 288 U. S. 188, 198–200, 53 S. Ct. 362, 77 L. Ed. 691, 83 A.L.R. 492; *Tartaglia* v. *McLaughlin,* 297 N. Y. 419, 425–426, 79 N. E. 2d 809, 811, 812. Section 301 of the Federal statute, Public Law 31, ch. 42, 81st Cong., 1st Sess., 50 U.S.C.A. Appendix, § 1907, merely declares the effect of that law—that it shall not 'be construed to require any person to offer any housing accommodations for rent' —and it cannot be read as imposing a national policy upon the States."

To the same effect in *Batterman* v. *Finkelstein,* 81 N.Y.S. 2d 713 (S. Ct., 1948), it was held that eviction did not lie where the landlord wished the house for his sister, inasmuch as the local law only permitted it when the landlord himself was going to occupy it. See also *Wong* v. *Finkelstein,* 87 N.Y.S. 2d 226, 86 N. E. 2d 563, certiorari denied in 338 U. S. 859; *Recknagel* v. *Finkelstein,* 86 N.Y.S. 2d 611.

In our judgment, there is no conflict between § 12–A 6 of the Reasonable Rents Act, *supra,* and § 209 of the Federal Housing and Rent Act and § 825.6 (*a*) and

(*c*) (1) of the Regulation of the Housing Expediter, *supra*. Since the permissible grounds for eviction were eliminated from the Federal Housing and Rent Act, the Regulation promulgated by virtue of said Act merely authorizes evictions if these in turn are authorized under our laws. As § 12–A 6 of the Reasonable Rents Act does not permit eviction where the landlord wishes to obtain the leased property for his son, the lower court did not err in dismissing the complaint in the instant case.

　　■　The petitioner argues that if § 12–A 6 is construed in this fashion, said Section would be unconstitutional since the landlord would be deprived.of his property without due process of law, inasmuch as he wishes to withdraw his house from the rental market in order to give it to his son who will not pay any rental therefor, and cites *Rivera* v. *R. Cobián Chinea & Co.*, 181 F. 2d 974 (C. A. 1, 1950), to support his contention. The petitioner did not allege those facts in his complaint and, despite the fact that the lower court gave him an opportunity to file an amended complaint, he did not do so. Therefore, we do not have to consider the constitutional question raised. The case of *Rivera* v. *R. Cobián Chinea & Co.*, *supra*, is clearly inapplicable to the facts herein.

　　The writt will be discharged.